GULOTTA, Judge.
In this custody case, the divorced wife appeals from a judgment dismissing her rule for change of custody of her two children. We affirm.
On September 12, 1975, Jean Prattini obtained a divorce from Aron L. Daughtry and was granted custody of William and Deborah, aged seven and six years respectively. Although Jean initially lived with the children at her mother’s residence, Jean and the children moved to a motel in early 1978 because of arguments with her mother. Unable to care for the children, Jean thereafter gave physical custody of them to Aron. William and Deborah stayed with the father for five or six months. Because his living conditions were not suitable for the children, however, he allowed them to live with his brother for approximately three months. In May, 1978, Aron purchased a larger trailer home and the children returned to live with him. On joint motion of the parties returned to live with him. On joint motion of the parties, the trial judge on May 31,1978 granted custody of William and Deborah to the father.
Commencing on October 27, 1978 the mother filed rules for transfer of custody based on the claim that a change in circumstances which compelled her to surrender custody was no longer present and the children were no longer living with their father but with the father’s brother. The trial judge dismissed plaintiff’s rules and it is from the dismissal on March 5, 1980 that the mother appeals. The children had been *448 living with the father almost two years at the time the trial judge rendered the judgment.
In this appeal the mother contends that the consent judgment giving Aron custody was only a temporary arrangement in 'the children’s best interest until she gained more financial stability at which time William and Deborah would be returned to her. According to Jean, the trial court improperly placed on her a “double burden” of showing that the conditions under which the children are living with their father are detrimental to their welfare and that she can and will provide a good home and a better environment. It is her contention that this burden does not apply where temporary custody was voluntarily given to the father. Jean argues that Aron should have the burden of showing that he can provide a better environment for the children’s welfare. Finally, the mother contends the trial judge abused his discretion in allowing the custody of the children to remain with the father. We disagree.
We reject plaintiff’s argument relating to the “double burden” requirement. The Louisiana Supreme Court in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980), interpreting the amended version of LSA-C.C. art. 157,[1] stated that the best interest of the child is the sole criterian applicable to change of custody cases. The Bordelon court pointed out that the language in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), which held that a party seeking a change of custody has a heavy burden of proving that the present custody is deliterious to the children, no longer applies as a substantive criterion for changing custody. In view of the Bordelon decision, our concern is whether the trial judge abused his discretion when he permitted the custody of the children to remain with the father.
Considerable evidence was adduced at trial concerning the children’s environment. The father testified that he has remarried and the two children are presently living in a newly purchased three-bedroom trailer with his present wife and three other children. Debbie has her own single bed in a room shared with another girl and William has a bed in another room with the two other boys. Debbie and William are presently in the first grade. Aron is self-employed and earning approximately $200.00 per week in a salvaging business. He testified that his new wife takes care of the children when he is not home and that they are doing well in school.
Jean, on the other hand, testified that she has remarried and now lives in a two-bedroom apartment. She is presently unemployed and anticipates receiving “disability payments” because of a disc problem in her back. She said that she has a five-percent disability and cannot stand on her feet long or lift anything heavy. She felt that her back condition would not interfere with her ability to care for the children.
Jean’s present husband, George Smith, is retired. He receives $147.00 as a pension and $420.00 Social Security per month. His present monthly rent is $188.00 and he has liquid assets in treasury certificates and savings bonds in excess of $28,000.00. He has had three back operations and cannot work.
Although plaintiff related instances of concern that the children’s father had failed to obtain medical treatment when they required it and though she expressed concern over black and blue marks and cuts on the children, she could not say that Aron was a “bad father.” The testimony of the two children before the judge outside of the presence of their parents indicates that they love their father, although he punishes them by whipping or spanking them when they are bad. Although both children indicated they enjoyed being with their mother, *449 neither knew where he or she wanted to stay permanently.
The evidence considered, we find no abuse of the trial court’s discretion. The judgment is affirmed.

AFFIRMED.

. LSA-C.C. art. 157 reads as follows, in pertinent part:
“Art. 157. Custody and tutorship of children; visitation rights of grandparents.
A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent....”